UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON GRANT SANDERS,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 1:21-cv-00204-DAD-BAM<br><br>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT, AND REMANDING THIS CASE TO DEFENDANT COMMISSIONER<br><br>(Doc. Nos. 13, 16, 19) |

Plaintiff Vernon Grant Sanders, proceeding with counsel, brought this action seeking judicial review of the Commissioner of Social Security's final decision denying plaintiff's application for benefits under the Social Security Act. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 30, 2023, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's motion for summary judgment (Doc. No. 13) be denied, defendant's cross-motion for summary judgment (Doc. No. 16)[1] be granted, and defendant's

---

[1] The court construes the above-referenced filing to be a cross-motion for summary judgment, though the defendant Commissioner does not expressly describe the filing in this way.

1

1    decision denying plaintiff's application for benefits be affirmed.  (Doc. No. 19.)  Specifically, the
2    magistrate judge concluded that the administrative law judge ("ALJ") had not failed to provide
3    specific, clear and convincing reasons to discount plaintiff's testimony regarding his symptoms
4    and the severity of his pain.
5         Those findings and recommendations were served on the parties and contained notice that
6    any objections thereto were to be filed within fourteen (14) days after service.  (*Id.* at 14.)
7    Plaintiff filed his objections on July 12, 2023.  (Doc. No. 20.)
8         In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a
9    *de novo* review of the case.  Having carefully reviewed the entire file, including plaintiff's
10   objections, the court declines to adopt the pending findings and recommendations.
11        Plaintiff's sole argument is that the ALJ failed to provide specific, clear and convincing
12   reasons for discounting plaintiff's subjective testimony regarding his symptoms and the severity
13   of his pain.  Under binding Ninth Circuit authority, "[w]here, as here, an ALJ concludes that a
14   claimant is not malingering, and that she has provided objective medical evidence of an
15   underlying impairment which might reasonably produce the pain or other symptoms alleged, the
16   ALJ may 'reject the claimant's testimony about the severity of her symptoms only by offering
17   specific, clear and convincing reasons for doing so.'"  *Brown-Hunter v. Colvin*, 806 F.3d 487,
18   492–93 (9th Cir. 2015) (citation omitted); *see also Ferguson v. O'Malley*, 95 F.4th 1194, 1197
19   (9th Cir. 2024).  "This requires the ALJ to 'specifically identify the testimony [from a claimant]
20   she or he finds not to be credible and . . . explain what evidence undermines that testimony.'"
21   *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) (alterations in original).  That is, the ALJ
22   must "identify specifically which of [plaintiff's] statements she found not credible and why."
23   *Brown-Hunter*, 806 F.3d at 493.  "The clear and convincing standard is the most demanding
24   required in Social Security cases."  *Ferguson*, 95 F.4th at 1199 (quoting *Garrison v. Colvin*, 759
25   F.3d 995, 1015 (9th Cir. 2014)); *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th
26   Cir. 2002).  "Ultimately, the 'clear and convincing' standard requires an ALJ to show [their]
27   work[.]"  *Ferguson*, 95 F.4th at 1199 (quoting *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir.
28   2022).

In this case, the ALJ concluded that "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms . . . ." (Doc. No. 8-1 at 26.) At issue here is thus only whether the ALJ provided specific, clear and convincing reasons for discounting plaintiff's testimony regarding his symptoms. *See Ferguson*, 95 F.4th at 1197–98 (an ALJ's rejection of a claimant testimony about the severity of their symptoms must be accompanied by the provision of specific, clear, and convincing reasons for doing so when the ALJ determines that the claimant "has provided objective medical evidence of an underlying impairment which might reasonably produce the pain or other symptoms [he] alleges[.]") (quoting *Brown-Hunter*, 806 F.3d at 488–89).

At the outset, the court notes that it is questionable whether the ALJ even identified the specific statements she found not credible. The pending findings and recommendations distinguished the Ninth Circuit's opinion in *Brown-Hunter* on the grounds that here, "the ALJ summarized portions of plaintiff's subjective testimony regarding . . . his pain." (Doc. No. 19 at 13) (citing Doc. No. 8-1 at 26). But summarizing plaintiff's testimony is not equivalent to identifying specific statements. While it is certainly plausible that the ALJ was thereby intending to identify all of the summarized testimony as non-credible rather than only certain portions, nothing in the ALJ's opinion makes such intent clear. *Cf. Brown-Hunter*, 806 F.3d at 493 (noting that the ALJ improperly relied "on unspecified claimant testimony"). In the end, "the ALJ must provide specific, clear, and convincing reasons which explain why the medical evidence is inconsistent with the claimant's subjective symptom testimony. *Ferguson*, 95 F.4th at 1200 (citing *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–38, 1040 (9th Cir. 2007)).

However, the court need not determine whether the ALJ identified any specific testimony by plaintiff she found not to be credible, because even if the ALJ did identify specific testimony, the ALJ provided no explanation as to why such testimony was not credible. The ALJ merely summarized plaintiff's subjective testimony, concluded that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in

/////

this decision," and then summarized the medical and other evidence. (*See* Doc. No. 8-1 at 22–29.) The Ninth Circuit has specifically rejected this approach:

> The ALJ noted generically that "the claimant's statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the objective medical and other evidence for the reasons explained in this decision." But this "boilerplate statement" by way of "introductory remark," which is "routinely include[d]" in ALJ decisions denying benefits, did not "identify what parts of the claimant's testimony were not credible and why."

*Lambert*, 980 F.3d at 1277 (citation omitted) (alterations in original); *see also Ferguson*, 95 F.4th at 1200 ("Again, the ALJ failed to specify *which* of Ferguson's many symptoms were, in the ALJ's view, inconsistent with the record evidence."). As noted, the undersigned disagrees with the conclusion that Ninth Circuit decisions such as *Brown-Hunter* are distinguishable from this case on the grounds that here the ALJ summarized portions of plaintiff's subjective pain testimony (*see* Doc. No. 19 at 13). However, even if the court agreed with that conclusion, the ALJ here still did not explain why plaintiff's summarized testimony was not credible.[2]

---

[2] The ALJ's lack of explanation is particularly troubling here because it appears unlikely that, for example, the evidence regarding plaintiff's daily activities significantly undercut his subjective testimony. The ALJ noted that plaintiff testified he "was able to carry groceries from his truck to his house," "does laundry, shops, cooks, and does dishes," and "is able to [do] yard work off and on, with difficulty." (Doc. No. 8-1 at 26.) Defendant argues that the ALJ relied on such testimony to "determine[] that plaintiff described daily activities that were not consistently limited to the extent he alleged or one would expect, given his complaints of disabling symptoms and limitations." (Doc. No. 16 at 8.) The pending findings and recommendations adopted this view. (*See* Doc. No. 19 at 11–12.) However, "this line of reasoning has its limits. The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferable to a work environment where it might be impossible to rest periodically or take medication." *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996). The Ninth Circuit has "repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day." *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014); *see also id.* (citing *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012) ("The failure to recognize these differences [between activities of daily living and activities in a full-time job] is a recurrent, and deplorable, feature of opinions by administrative law judges in social security disability cases.")). In any event, the ALJ did not explain the relevance of any of plaintiff's testimony regarding his daily activities, so the court is unable to evaluate the ALJ's reasoning.

The pending findings and recommendations distinguished the Ninth Circuit's decision in *Brown-Hunter* and found that the ALJ had sufficiently explained why plaintiff's testimony was not credible because the ALJ had "invoke[d] the reasoning" that plaintiff's testimony was inconsistent with other evidence (Doc. No. 19 at 11–12) and because the magistrate judge was "able to 'reasonably discern' the ALJ's path" (Doc. No. 19 at 14) (citations omitted).  However, in the undersigned's view, the decision in *Brown-Hunter* is directly on point.  *See Brown-Hunter*, 806 F.3d at 494 ("Although the inconsistencies identified by the district court could be reasonable inferences drawn from the ALJ's summary of the evidence, the credibility determination is exclusively the ALJ's to make, and ours only to review. . . .  Thus, the inconsistencies identified independently by the district court cannot provide the basis upon which we can affirm the ALJ's decision."); *see also id.* ("Even if the district court's analysis was sound, it could not overcome the error of the ALJ.  That is, the error could not be corrected by the district court's statement of links between claimant testimony and certain medical evidence."); *see also id.* ("But here, we cannot discern the agency's path because the ALJ made only a general credibility finding without providing any reviewable *reasons* why she found Brown-Hunter's testimony to be not credible.") (emphasis added); *Wright v. Saul*,  857 F. App'x 380, 381 (9th Cir. 2021)[3] ("Nor can we "infer 'that the ALJ rejected [Wright's] testimony to the extent it conflicted with that medical evidence.'"); *Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) ("An ALJ's 'vague allegation' that a claimant's testimony is 'not consistent with the objective medical evidence,' without any 'specific findings in support' of that conclusion is insufficient for our review.")

Accordingly, the court concludes that the ALJ failed to provide specific, clear and convincing reasons for discounting plaintiff's testimony regarding his subjective pain and limitations.  *See Jenks v. Kijakazi*, No. 20-cv-01432-AJB-BLM, 2021 WL 5810646, at *4–6 (S.D. Cal. Dec. 7, 2021) (finding that the ALJ had failed to provide specific, clear and convincing reasons for discounting the plaintiff's testimony where the ALJ merely summarized that

---

[3] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

5

subjective testimony, stated that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record," and then summarized the medical and other evidence), *adopted by Oscar J. v. Kijakazi*, No. 20-cv-01432-AJB-BLM, 2022 WL 63239 (S.D. Cal. Jan. 6, 2022); *LaPointe v. Berryhill*, No. 16-cv-00109-GF-JTJ, 2017 WL 2484168, at *5 (D. Mont. June 8, 2017) ("Although the ALJ discussed Mr. LaPointe's medical record at length he did not explain *how* any of [the] medical evidence was inconsistent with Mr. LaPointe's statements. Without such an explanation, the court is left without any meaningful basis to review the ALJ's reasoning.") (internal citation omitted).

"Because the ALJ did not provide enough 'reasoning in order for [the court] to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence,' [the court] cannot treat the error as harmless." *Lambert*, 980 F.3d at 1277 (citation omitted); *see also Wright*, 857 F. App'x at 381; *Treichler*, 775 F.3d at 1103. Moreover, "[t]reating the error as harmless would also be problematic on this record." *Lambert*, 980 F.3d at 1277. The vocational expert suggested at the hearing before the ALJ that if plaintiff "could only lift or carry less than ten pounds frequently and up to ten pounds occasionally," and if plaintiff "could stand or walk with normal breaks for a total of only two hours in an eight hour work day," then he would be restricted to sedentary work, his past work "would be eliminated," he would have no transferable skills, and he would be disabled. (*See* Doc. No. 8-1 at 66.) Plaintiff requests that the matter be remanded to the ALJ for a *de novo* hearing and does not request an award of benefits from this court. (Doc. No. 13 at 15.) Accordingly, the matter will be remanded to the ALJ for further proceedings on an open record. *Treichler*, 775 F.3d at 1105 (noting that the proper approach when "the ALJ failed to give specific and legitimate reasons for discounting the testimony . . . regarding the extent of the claimant's impairment, but [where] there may have been contrary medical evidence in the record," is to "remand[] the case to the ALJ for further proceedings without precluding the ALJ 'from reopening the hearing to receive additional evidence'") (citation omitted); *see also Brown-Hunter*, 806 F.3d at 496 (remanding the case for "further proceedings on an open record before a proper disability determination can be made by the ALJ

in the first instance" because "the record raises crucial questions about the extent to which Brown-Hunter's pain and accompanying symptoms render her disabled"); 42 U.S.C § 405(g) ("The court shall have power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commission of Social Security, with or without remanding the cause for a rehearing.").

For the reasons explained above:

1. The court declines to adopt the findings and recommendations issued on June 30, 2023 (Doc. No. 19);
2. Plaintiff's motion for summary judgment (Doc. No. 13) is granted;
3. Defendant's cross-motion for summary judgment (Doc. No. 16) is denied;
4. This case is remanded to the Commissioner for further proceedings consistent with this order; and
5. The Clerk of the Court is directed to enter judgment in favor of plaintiff and close this case.

IT IS SO ORDERED.

Dated:  **April 15, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

7