UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON GRANT SANDERS,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 1:21-cv-00204-DAD-BAM<br><br>ORDER ADOPTING THE PARTIES' STIPULATION FOR THE AWARD OF ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSICE ACT<br><br>(Doc. No. 28, 30) |

On February 18, 2021, plaintiff Vernon Grant Sanders filed this action seeking review of a final decision of defendant Commissioner of Social Security. (Doc. No. 1.) On April 16, 2024, the matter was remanded to the Commissioner of Social Security for further proceedings pursuant to 42 U.S.C. § 405(g). (Doc. No. 26.)

On July 12, 2024, plaintiff filed a motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. No. 28.) Shortly thereafter, the assigned magistrate judge issued an order setting a briefing schedule on the pending motion, though the magistrate judge also strongly encouraged counsel to meet and confer on the issue of attorneys' fees and attempt to "resolve this motion without further court involvement." (Doc. No. 29.)

Consequently, on August 1, 2024, the parties filed a joint stipulation with the court in which the parties agree that plaintiff shall be awarded attorney's fees in the amount of $5,725.00 and expenses in the amount of $17.58 under the EAJA, as well as $402.00 in costs under 28

1 | U.S.C. § 1920.  (Doc. No. 30.)  The parties agree that this total amount represents "compensation
2 | for all legal services rendered on behalf of plaintiff by counsel in connection with this civil
3 | action."  (*Id.* at 1.)
4 |       Good cause appearing, and pursuant to the parties' August 1, 2024 stipulation (Doc.
5 | No. 30), the court orders as follows:
6 |     1.    Pursuant to the EAJA, 28 U.S.C. § 2412(d), plaintiff is awarded attorney's fees in
7 |         the amount of $5,725.00 and expenses in the amount of $17.58;
8 |     2.    Pursuant to 28 U.S.C § 1920, plaintiff is awarded court costs in the amount of
9 |         $402.00;
10 |     3.    After the issuance of this order, the government shall consider the assignment of
11 |         the EAJA attorney's fees to plaintiff's counsel;
12 |         a.    Pursuant to the decision in *Astrue v. Ratliff*, 560 U.S. 586 (2010), any such
13 |             assignment will depend on whether the attorney's fees are subject to any
14 |             offset allowed under the United States Department of Treasury's ("the
15 |             DOT") Offset Program; and
16 |         b.    Fees shall be made payable to plaintiff, but if the DOT determines that
17 |             plaintiff does not owe a federal debt, then the government shall cause the
18 |             payment of attorney's fees to be made directly to plaintiff's counsel, Stuart
19 |             Barasch;
20 |     4.    Whether the payment of attorney's fees is made payable to plaintiff or to his
21 |         counsel, the check will be mailed to plaintiff's counsel's mailing address at:
22 |         Stuart Barasch
23 |         Law Offices of Stuart Barasch
        P.O. Box 961719
24 |         El Paso, TX 79996
25 | /////
26 | /////
27 | /////
28 | /////

5. The pending motion for attorneys' fees (Doc. No. 28) is denied as having been rendered moot by this order.

IT IS SO ORDERED.

Dated: __August 12, 2024__                               /s/ Dale A. Drozd
                                                  DALE A. DROZD
                                                  UNITED STATES DISTRICT JUDGE