UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON GRANT SANDERS,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:21-cv-00204-DAD-EPG<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>(ECF No. 33) |

On January 22, 2026, Melissa A. Palmer, counsel for Plaintiff Vernon Grant Sanders ("Plaintiff"), filed a motion for an award of attorney's fees under 42 U.S.C. § 406(b). (ECF No. 33). Plaintiff and the Commissioner of Social Security ("Defendant") were each served with a copy of the motion. (ECF No. 36). Plaintiff has not filed any response to the motion. On February 9, 2026, the Commissioner filed a response analyzing the fee request but taking no position on its reasonableness, as the Commissioner has no direct financial stake in the request. (ECF No. 37). [1]

For the reasons set forth below, the Court recommends granting Plaintiff's motion for attorney's fees in the amount of $7,056.50, with counsel reimbursing Plaintiff $5,725.00 in fees received pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). (ECF No. 33 at 2, n.2).

---

[1] This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  (ECF No. 38).

## I.  BACKGROUND

Plaintiff filed the complaint in this case on February 18, 2021. (ECF No. 1). Plaintiff filed a motion for summary judgment on December 8, 2021 (ECF No. 13). Defendant filed an opposition brief on March 8, 2022 (ECF No. 16) and Plaintiff filed a reply on March 23, 2022. (ECF No. 17). On April 3, 2024, the Court granted Plaintiff's motion for summary judgment and remanded the case for further proceedings. On July 12, 2024, Plaintiff's Counsel filed a motion for attorney fees for $6,026.93, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C.§ 2412(d) (ECF No. 28). On August 13, 2024, the Court entered an order awarding Plaintiff $5,725 in EAJA fees. (ECF No. 31).

Plaintiff's award of past-due benefits was $65,026 and one-fourth of the past-due benefits withheld for Plaintiff is $16, 256.50. (ECF No. 33-1 at 2-3).

## II.  LEGAL STANDARDS

Under the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants. Section 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, *not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment*, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits . . . .

42 U.S.C. § 406(b)(1)(A) (emphasis added).

"In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the [§ 406(b)] fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). Even though the § 406(b) fee award is not paid by the Government, the Commissioner "plays a part in the fee determination resembling that of a trustee for the claimant[]." *Gisbrecht*, 535 U.S. at 798 n. 6. The goal of awarding fees under § 406(b) was to prohibit "exorbitant fees" from being collected by attorneys but also to provide sufficient fee awards "to encourage adequate representation of claimants." *Crawford*, 586 F.3d at 1149 (internal citations omitted).

The 25% maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808-09 (holding that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807; *see also Crawford*, 586 F.3d at 1148 (noting that § 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 808). The United States Supreme Court has identified several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked. *Id*. (citing *Gisbrecht*, 535 U.S. at 807-08).

## III.   ANALYSIS

The Court has reviewed the itemized time entries provided and found that the recorded amount of 29.5 hours expended by counsel and paralegal staff is supported. (ECF Nos. 33-5, 33-6). There is no indication that a reduction is warranted due to any substandard performance by counsel and there is no evidence that counsel engaged in any conduct resulting in delay.

Counsel's requested award of $7056.5 for 23.7 attorney hours and 5.8 hours of paralegal time results in an approximate hourly attorney rate of $267.15 when an hourly rate of $125 is subtracted for the paralegal time. (ECF No. 33-1 at 3, n.10). The Ninth Circuit has found similar and higher effective hourly rates reasonable in social security contingency fee arrangements. *See, e.g., Crawford*, 586 F.3d at 1153 (explaining that the majority opinion found reasonable effective hourly rates equaling $519, $875, and $902) (J. Clifton, concurring in part and dissenting in part).

Furthermore, the requested attorney fees award of $25,589.00 does not exceed 25% of past-due benefits and is not excessive in relation to the past-due benefits awarded. *See generally Ortega v. Comm'r of Soc. Sec.,* No. 1:12-cv-01030-AWI-SAB, 2015 WL 5021646, at *3 (E.D. Cal. Aug. 21, 2015) (granting § 406(b) attorney fees in the amount of $24,350.00); *Thomas v. Colvin*, No. 1:11-cv-01291-SKO, 2015 WL 1529331, at *3 (E.D. Cal. Apr. 3, 2015) (granting § 406(b) attorney fees in the amount of $44,603.50); *Boyle v. Colvin*, No. 1:12-cv-00954-SMS, 2013 WL 6712552, at *2 (E.D. Cal. Dec. 19, 2013) (granting § 406(b) attorney fees in the amount of $20,577.57).

In making this determination, the Court recognizes counsel's assumption of risk in agreeing to represent Plaintiff under a contingency fee agreement. "District courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases." *Harris v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003). Attorneys who agree to represent claimants pursuant to a contingent fee agreement assume the risk of receiving no compensation for their time and effort if the action fails. *Id.* Here, Plaintiff's counsel accepted the risk of loss in representing Plaintiff throughout this matter, Plaintiff agreed to the contingency fee, and counsel secured a remand and an award of past-due benefits to Plaintiff.

Thus, the Court recommends that an award of $7056.5 for attorney fees pursuant to § 406(b) is appropriate. However, the award of § 406(b) fees must be offset by any prior award of attorney fees granted under the EAJA. *See* 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796. Here, Plaintiff was awarded $5,725.00 in EAJA fees. Counsel has agreed to refund these fees. (ECF No. 23, p.2).

## IV.   CONCLUSION AND RECOMMENDATIONS

For the reasons stated above, the Court **HEREBY RECOMMENDS THAT** that the attorney fees sought by Plaintiff's counsel pursuant to § 406(b) are reasonable.

1. The motion for attorney fees (ECF No. 33) under 42 U.S.C. § 406(b) in the amount of $7,056.40 is granted.

2. Plaintiff's counsel shall reimburse Plaintiff $5,725 for the EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d) upon the receipt of these fees.

\\\

4

3.  Plaintiff's counsel is directed to serve a copy of this order on Plaintiff and shall thereafter file a certificate of service on the docket within 7 days of entry of this order.

IT IS SO ORDERED.

Dated:   **February 20, 2026**            /s/ Erica P. Grosj

UNITED STATES MAGISTRATE JUDGE